STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH MITCHELL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1955—Decided October 28, 1955.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. William S. Keown* argued the cause for the defendant-appellant (*Mr. Walter S. Keown,* attorney).

*Mr. Robert Burk Johnson* argued the cause for the plaintiff-respondent (*Mr. Mitchell H. Cohen,* County Prosecutor, attorney; *Mr. I. V. DiMartino,* of counsel).

The opinion of the court was delivered by

FREUND, J. A. D.    Joseph Mitchell was indicted under *N. J. S.* 2A:111-1 for obtaining money by false pretense. He was convicted by a jury and now appeals.

The defendant and his brothers were engaged in developing a 16-acre tract of land, known as Brookdale, and in building dwellings thereon under the corporate name of Mitchell Bros., Inc.    In October 1953 the complaining witness, Felix J. Yanusis, and his wife, having seen the Brookdale lots advertised, stopped at the property and were directed to Mitchell.    Yanusis was interested in acquiring lot No. 3 and wanted a home built thereon.    Shortly thereafter he gave Mitchell a check for $3,000 and requested a deed for the lot. About a week later, on November 11, 1953, a written agreement for the construction of a dwelling on the lot was entered into between Yanusis and his wife as "owners" and Mitchell Bros., Inc. as "contractor," at which time Yanusis gave the defendant an additional $2,000.    Mitchell testified that in such contracts he always referred to the buyer as the "owner" because he regarded him as having an interest in the land by reason of his deposit.    In December the cellar of the house was dug, but the excavation filled with water and no further work was done until spring.    Mitchell testified that he saw Yanusis at that time, that he was in no hurry for his house and that he wanted it within 16 months.

In August 1953 Mitchell Bros., Inc., in consideration of a loan in the amount of $14,000 had agreed that Armand D. Emuryan and his wife would hold title to the entire tract of land including lot No. 3.    The written agreement provided

for repayment to the Emuryans in equal monthly instalments of $1,000, or the release of one lot upon each payment of $1,000 or reconveyance to Mitchell Bros., Inc. of the entire tract upon payment of the full amount. The agreement expressly recites that the Emuryans were to hold title "as security." At the time of the construction contract with the Yanusis, the agreement with the Emuryans was not in default.

During the winter of 1953-1954 Mitchell had applied for a mortgage loan on lot No. 3 with interest at 5%, but when he saw Yanusis the latter told him that being a veteran he could probably get a G. I. loan at 4½%. However, after some time had elapsed the Veterans Administration declined to make the mortgage commitment.

In the spring of 1954 the defendant was being pressed by others with whom he had building contracts, and in some instances he returned their deposits. There was testimony that Yanusis again demanded a deed for his lot and was told $1,000 would have to be paid to Emuryan to release the lot. Thereafter, Mitchell was indicted under *N. J. S.* 2*A* :111–1.

The indictment charges that Joseph Mitchell—

"intending to cheat and defraud Felix J. Yanusis, did then and there * * * falsely, represent and pretend to the said Felix J. Yanusis, that he was the owner in fee simple, of a certain lot of land * * * known as Lot No. 3, Plan of Brookdale * * * and that the title of himself was unencumbered by mortgage or other lien or claim whatsoever, whereas * * * the said Joseph Mitchell * * * was not the owner in fee simple or otherwise, * * * the said Joseph Mitchell, then and there unlawfully, knowingly and designedly did obtain of and from the said Felix J. Yanusis, * * * $5,000 * * * by inducing the said Felix J. Yanusis * * * to enter into an agreement for the purchase of said lot and for a building to be constructed thereon * * *."

In substance, as may be noted from the above excerpt, the defendant was charged with having made two false statements to Yanusis; (1) that he was the owner in fee simple of lot No. 3 and (2) that his title thereto was unencumbered by any mortgage or other lien.

The appellant argues that the proofs were insufficient to support the defendant's conviction, that the court erred in admitting testimony of a financial transaction other than the transaction charged in the indictment, and that the court erred in refusing to charge as requested.

It is firmly settled that the proof offered by the State must conform to the allegations of the indictment and any material variance is fatal. It was the duty of the State to prove beyond a reasonable doubt that Mitchell did in fact make at least one of the alleged false statements charged in the indictment. *State v. Vanderbilt*, 27 *N. J. L.* 328 (*Sup. Ct.* 1859). Further, the representations alleged to be false must be of something which at the time was untrue, and made with intent to cheat and defraud. *State v. Lamoreaux*, 13 *N. J. Super.* 99 (*App. Div.* 1951), 26 *N. J. Super.* 41 (*App. Div.* 1953), 29 *N. J. Super.* 204 (*App. Div.* 1954), affirmed 16 *N. J.* 167 (1954).

The record is absolutely devoid of any testimony that Mitchell said he owned the lot in fee simple as charged in the indictment. Even the complaining witness himself, Yanusis, did not so testify, but merely—"and that's the time that I asked him, did he own that lot, and he said Yes. * * *" Later he testified that Mitchell said "During our conversations, he said both 'I own the land' and 'The company owns the land.' " He also testified that "Mr. Mitchell represented a company which owned the land." It is accordingly evident that the proofs do not support the false statement of ownership in fee simple charged in the indictment. However, the State, in an effort to prove the charge, argues that any representation of ownership necessarily implies ownership "in fee simple." We do not agree. Although Mitchell denied that Yanusis ever asked him if he owned the land, he admitted that legal title was in another, but asserted that he or his company had an equitable proprietorship therein, subject to encumbrance. Clearly, the agreement between Mitchell Bros., Inc., and Emuryan was in the nature of a mortgage and although legal title may have been vested in Emuryan, equitable ownership remained in the defendant individually or in

his company. It is not therefore shown that Mitchell or his firm did not "own" the property in one common meaning of the term.

As to the charge that Mitchell falsely represented the property was unencumbered, there was no proof that he had ever made such a representation to the Yanusis. It may be true that the Yanusis believed the property to be unencumbered, but their beliefs are not proof that Mitchell made such a misrepresentation to them.

Even had Mitchell made the misrepresentations for which he was indicted, there is no proof that he did so "intending to cheat and defraud." At the time he accepted the Yanusis' money, his company was not in default under its agreement with Emuryan and could have recovered title to any lot upon the payment of $1,000. It would appear that Mitchell intended to build the Yanusis' house, for he had the excavating done and paid for it. The fact that between December when cold weather halted the work and the spring of 1954 he and his company experienced financial difficulties and he failed either to give the Yanusis a deed to their lot or return their money has no effect upon his intent when he contracted to build the house and accepted their money. *State v. Lamoreaux, supra.*

In view of our conclusion that the State did not prove the charges of the indictment, we deem it unnecessary to consider appellant's other grounds of appeal.

Reversed.